UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HERMAN BRETTLER, Trustee of the ZUPNICK FAMILY TRUST 2008 A,

Plaintiff,

-against-

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.

**MEMORANDUM AND OPINION**
1:25-cv-03687-ENV-ST

**TISCIONE, United States Magistrate Judge:**

On April 7, 2008, Allianz Life Insurance ("Allianz") issued an eight-million-dollar life insurance Policy for Dora Zupnick. *See* Compl. ¶ 4, ECF No. 1-2. Herman Brettler, *Trustee of the Zupnick Family Trust 2008 A* ("Plaintiff") is now the owner and beneficiary of the Policy, although the story of Plaintiff's ownership is somewhat attenuated. *Id*. ¶¶ 5-6.

Abraham Zupnick was the initial trustee. *Id*. ¶ 7. Sometime thereafter, Plaintiff was appointed trustee, and the change was recorded with Allianz. *Id*. ¶ 9. In April 2012, the Policy was transferred to Miryam Muschel. *Id*. ¶ 9. In May of 2016, Miryam Muschel transferred the Policy back to Plaintiff. *Id*. ¶ 11. Dora Zupnick passed away on May 23, 2019, and Plaintiff moved to collect under the Policy. *Id*. ¶¶ 16-32.

Allianz claimed the Policy lapsed in April, 2013, and sought $117,810.90 to mend the lapse. *Id*. ¶¶ 18-21. Plaintiff claims the outstanding amount is $75,000. *Id*. ¶ 21. Allianz refused the pay the death benefits under the Policy and litigation ensued. *Id*. ¶¶ 31-32.

Complications abound, Plaintiff brought a prior action in this Court to enforce the Policy. The case was ultimately dismissed for lack of contractual standing due to Plaintiff's failure to notify Allianz in writing of the second transfer. *See Brettler, Tr. of Zupnick Fam. Tr. 2008A v. Allianz Life Ins. Co. of N. Am.*, 2018 WL 11469075 (E.D.N.Y. Dec. 6, 2018).

Plaintiff appealed and the case reached the New York Court of Appeals on certification from the Second Circuit. *See Brettler v. Allianz Life Ins. Co. of N. Am.,* 40 N.Y.3d 450 (2023), *opinion after certified question answered sub nom. Brettler Tr. of Zupnick Fam. Tr. 2008 A v. Allianz Life Ins. Co. of N. Am.*, 98 F.4th 83 (2d Cir. 2024). The question was whether failure to provide notice of assignment deprives the assignee of standing. The Policy states that the owner "may assign or transfer all or specific ownership rights of this policy. An assignment will be effective upon Notice." *Id*. 452-53. The Court of Appeals held Plaintiff lacked contractual standing because it failed to notify Allianz in writing of the second assignment from Miryam Muschel to Plaintiff. Notably, the Court held "that the notice provision is not an anti-assignment clause but rather a notice requirement." *Id*. at 454. "In contrast, an anti-assignment clause prohibits unilateral assignments either by voiding the assignment entirely or by encumbering it by requiring the non-assigning party to approve or consent to any assignment of the contract." *Id*. Ultimately, the notice requirement "is simply a condition that must be met before an assignment binds Allianz[.]" *Id*. at 455.

Accordingly, the Second Circuit upheld dismissal. *See Brettler Tr. of Zupnick Fam. Tr. 2008 A v. Allianz Life Ins. Co. of N. Am.*, 98 F.4th 83 (2d Cir. 2024).

Plaintiff contends it has since provided Allianz with adequate notice of assignment and refiled the action on May 21, 2025. On July 3, 2025, the suit was removed to this Court. *See* Notice of Removal, ECF No. 1.

Now before this Court is Plaintiff's motion for Allianz to post bond pursuant to Section § 1213(c) of the New York Insurance Law. *See* ECF No. 12.

## DISCUSSION

New York Insurance Law § 1213 protects New Yorkers from foreign insurers doing business in New York. It does so in several ways, including long arm jurisdiction, substituted service, and, relevant here, requiring the insurer to post bond in the event of litigation. Specifically, § 1213(c) provides:

> Before any unauthorized foreign or alien insurer files any pleading in any proceeding against it, it shall either:
>
> (A) deposit with the clerk of the court in which the proceeding is pending, cash or securities or file with such clerk a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure payment of any final judgment which may be rendered in the proceeding, but the court may in its discretion make an order dispensing with such deposit or bond if the superintendent certifies to it that such insurer maintains within this state funds or securities in trust or otherwise sufficient and available to satisfy any final judgment which may be entered in the proceeding, or
>
> (B) procure a license to do an insurance business in this state.

N.Y. Ins. Law § 1213. As such, there are two prerequisites: (1) a foreign insurer; (2) filed a pleading in a proceeding against it.

The first requirement is met, as Allianz is a Minnesota insurer and does not maintain a license in New York. Compl. ¶ 3. Allianz does not contest this point.

The second requirement is also satisfied, as Allianz filed a motion to dismiss. Controlling here, *Levin v. Intercontinental Cas. Ins. Co.* held a motion to dismiss constitutes a pleading under § 1213(c). 95 N.Y.2d 523 (2000). The Court held allowing a foreign insurer "to raise its defenses without posting a bond would compromise section 1213(c)'s goal of assuring that funds are available in New York to satisfy any judgment in plaintiff's favor. A foreign carrier could wage extensive, costly motion practice, and yet avoid the bond requirement by simply advancing a host

of defenses before interposing a formal answer." *Id*. at 528. To be sure, "more cases construe Section 1213 to require that foreign insurers post security before filing *any* pleading." *In re Residential Cap., LLC*, 563 B.R. 756, 778–79 (Bankr. S.D.N.Y. 2016). Accordingly, both prongs are satisfied.

But our analysis does not end there.

Allianz raises three arguments contesting Plaintiff's motion: (1) Plaintiff is neither the insured nor the beneficiary and cannot enforce § 1213(c); (2) the statute applies *only* to policies issued or delivered in New York; and (3) based on the size and reputability of Allianz, the statutory concerns of § 1213 are absent and this Court should use its discretion to obviate the bonding requirement.

**I. Insured beneficiary**

Allianz first argues Plaintiff is not the insured or beneficiary under the Policy, and thus lacks standing to enforce § 1213(c).

In doing so, Allianz cites *Republic Ins. Co. v. Atlantica Ins. Co.*, which states "[w]here a plaintiff is not an insured or a beneficiary, then, it may not take advantage of either the long-arm provision of the statutes or of the security requirements of § 1213(c)(1)(A)." 1994 WL 163705, at *2 (S.D.N.Y. Apr. 28, 1994); *see also In re Bennett Funding Grp., Inc. Sec. Litig.*, 270 B.R. 126, 129 n. 3 (S.D.N.Y. 2001) ("defendants lack standing to invoke the security requirements of § 1213(c) because they are not—as they must be to demand that provision's protections—'insureds or beneficiaries' of the Policy.") (citing *id*.).

Plaintiff disagrees, arguing the language of § 1213(c) triggers the bond requirement before "*any* unauthorized foreign or alien insurer files *any* pleading in *any* proceeding against it." (emphases added). Plaintiff contends it is both the owner and beneficiary of the Policy. *See* Compl.

¶¶ 5-6. New York State Courts have held that "section 1213 (c) 'does not require a resolution of the case on the merits at such a preliminary stage and that whether or not the statute should be applied may be determined on the sufficiency of the plaintiffs' allegations.' " *Breakaway Courier Corp. v Berkshire Hathaway Inc.*, 2017 NY Slip Op 32751, *11 (Sup Ct, N.Y. County 2017) (quoting *Energy Conservation Group, LLC v Applied Underwriters, Inc.*, Short Form Order, dated Mar. 15, 2016, at 5 (Sup Ct, Queens County, No. 710762/2015). Plaintiff sufficiently pleads it is the owner and beneficiary of the policy.

Allianz's only argument against Plaintiff's ownership/beneficiary status is res judicata and collateral estoppel based on Plaintiff's prior suit. *See supra*. And while the issue is not properly before this Court on a motion to post bond, we must note the prior action was dismissed for lack of contractual standing based on Plaintiff's failure to provide written notice of the second transfer—notice that has since been provided. Nevertheless, the argument is immaterial to the immediate motion.

## II. Issued or Delivered in New York

Allianz next argues § 1213(c) applies only to policies that are issued or delivered in New York, and the Policy here was delivered in New Jersey. Conversely, Plaintiff argues subsection (c) applies regardless of where the policy was issued.

Section 1213 (a) begins:

> The purpose of this section is to subject certain insurers to the jurisdiction of the courts of this state in suits by or on behalf of insureds or beneficiaries under certain insurance contracts. The legislature declares that it is a subject of concern that many residents of this state hold policies of insurance ***issued or delivered in this state by insurers while not authorized to do business in this state***, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies.

(emphasis added). This is the first time we see the language "issued or delivered in this state[.]" Further, this language makes clear that the purpose of the statute is to protect New Yorkers from unauthorized foreign insurers doing business in the state.

Subsection (b) then details the long arm provision, providing four methods by which the foreign insurer subjects itself to substitutes service upon the superintendent:

> (A) the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein,
>
> (B) the solicitation of applications for such contracts,
>
> (C) the collection of premiums, membership fees, assessments or other considerations for such contracts, or
>
> (D) any other transaction of business[.]

Again, subsection (b)(A) incorporates the language "issuance or delivery" in the state, while the remaining prongs contemplate an insurer affirmatively doing business in New York.

Immediately on the heels of that, subsection (c) outlines the bonding requirement. Of note, there is no reference to where the policy was issued or delivered. Subsection (c)'s bonding requirement is triggered when "any unauthorized foreign or alien insurer files any pleading in any proceeding against it." But the Legislature does not speak to geographic restrictions.

Finally, subsection (d) provides for attorney fees, and applies "[i]n any action against an unauthorized foreign or alien insurer upon a contract of insurance ***issued or delivered in this state***[.]"[1]

Thus, subsection (c) is the only provision of the statute that does not contemplate where the policy was issued, or where the insurer does business.

The question before this Court is whether 'issuance and delivery within the state' is read into subsection (c), or if its omission is intentional. Two interpretive methods warrant discussion.

[1] Subsections (e) and (f) are immaterial to our discussion.

First is the whole act rule, which instructs us "to interpret the specific provision in a way that renders it consistent with the tenor and structure of the whole act or statutory scheme of which it is a part." *United States v. Bonanno Organized Crime Fam. of La Cosa Nostra*, 879 F.2d 20, 24 (2d Cir. 1989). This "exhorts us to read a section of a statute not in isolation from the context of the whole Act but to look to the provisions of the whole law, and to its object and policy," *United States v. Pacheco*, 225 F.3d 148, 154 (2d Cir. 2000) (citation and quotations omitted).

Second is the maxim *expressio unius est exclusio alterius*—i.e., the inclusion of language in one section of a statute implies its intentional exclusion elsewhere. *See N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017). To be sure, "where the Legislature includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that the Legislature acts intentionally and purposefully in the disparate inclusion or exclusion." *Rivers v. Birnbaum*, 102 A.D.3d 26, 36 (2nd Dep't 2012) (citation, quotations, and brackets omitted).

Here, given the context of the statute and the Legislature's explicit intent to protect New Yorkers from foreign insurers doing business *in New York*, a wholistic reading of the statute is appropriate.

Several District Courts have addressed the issue, albeit with limited discussion on statutory interpretation. To summarize, nearly every case has determined the policy must be issued or delivered in New York.[2] This Court agrees.

[2] Several of the cases Allianz cites do not engage with subsection (c) but rather deal with the long arm jurisdiction and attorney fee provisions of subsections (a) and (d). Indeed, *Ghose v. CNA Reinsurance Co.*, 43 A.D.3d 656 (2007), *Associated Aviation Underwriters v. Arab Ins. Grp. (B.S.C.)*, 2003 WL 1888731, and *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161 (E.D.N.Y. 2015) make no mention of bonding. As such, they are not persuasive and merit no discussion.

In *In re Residential Cap., LLC*, a foreign insurer was sued in New York and the movant sought bonding. 563 B.R. 756. After adopting an expansive interpretation of § 1213's pleading requirements—holding a motion to dismiss suffices—the court turned to whether bonding was appropriate. The court held that subsection (c) is triggered only when a foreign insurer issues or delivers a policy in New York. In doing so, the court cited subsection (a) and (b), which permit long arm jurisdiction or substituted service "when 'by mail or otherwise' an unauthorized foreign or alien insurer issues or delivers 'contracts of insurance to residents of this state or to corporations authorized to do business therein.' " *Id*. at 780. The court continued that " 'it is the act of issuing or delivering a policy *into* New York, that constitutes the grounds by which a New York court may assert personal jurisdiction over an unauthorized alien insurer under subsection (b)(1)(A).' " *Id*. (quoting *Associated Aviation Underwriters v. Arab Ins. Grp. (B.S.C.)*, 2003 WL 1888731, at *3 (S.D.N.Y. Apr. 16, 2003)). This holding is consistent with the purpose of the statute: to protect New Yorkers from defending polices "issued or delivered in this state by insurers while not authorized to do business in this state[.]" N.Y. Ins. Law § 1213 (a).

Likewise, in *Metro Risk Mgmt. Agency v. Hudson Specialty Ins. Co.*, the Southern District of New York held subsection (c) "does not apply to an insurer . . . that is not alleged to have issued or delivered policies in New York." 2026 WL 1910161, at *13 (S.D.N.Y. July 2, 2026) (quotations omitted). In reaching this conclusion, the court cited *Blau v. Allianz Life Ins. Co. of N. Am.*, which recognized "[t]he four bases of jurisdiction enumerated in section 1213(b) [which] all require that the relevant policy be issued or delivered in New York." 124 F. Supp. 3d 161, 175 (E.D.N.Y. 2015).

Again, in *In re MF Glob. Holdings Ltd.*, the court held subsection (c) was triggered when a foreign insurer issued a policy to a New York entity and delivered the policy to its New York address. 569 B.R. 544, 554 (Bankr. S.D.N.Y. 2017). The court recognized "just as the statute is

intended to regulate, Allied World is an unauthorized foreign insurer, providing insurance to a New York-based company, insuring risks in New York and elsewhere." *Id.*

The New York Court of Appeal has also been instructive on the matter. To wit "[i]n determining the meaning of state law, we must carefully predict how the state's highest court would rule if confronted with the issue, including how it would resolve any ambiguity in the statute." *KLC, Inc. v. Trayner*, 426 F.3d 172, 175–76 (2d Cir. 2005).

While the Court of Appeal has not directly addressed the issue here, it has certainly alluded to its conclusion. In *Curiale v. Ardra Ins. Co.*, the Court heard an as applied challenge to § 1213(c). 88 N.Y.2d 268 (1996). The Court held "[t]he Insurance Law clearly provides notice that preanswer security will be required if an alien insurer ***chooses to conduct business in New York State*** without a license." *Id.* at 276. Here, Allianz did not choose to conduct its business in New York. Indeed, the unilateral transfer to Plaintiff occurred without Allianz's knowledge.

Further, of the scant times the Court of Appeals has addressed § 1213(c), it has harped on the statutes 'clear objectives.' That is, to "impose[] accountability on foreign or alien carriers who, although not authorized to do business in this State, *issue or deliver insurance policies here*." *Levin*, 95 N.Y.2d at 526 (emphasis added).

We are further guided by *Carlson v. Am. Int'l Grp., Inc.*, 30 N.Y.3d 288 (2017). There, interpreting Insurance Law § 3420, the Court held the term 'issued or delivered in this state' "refers both to a policy issued for delivery in New York, and a policy issued for delivery outside of New York." *Id.* at 305. That is, the term encompasses policies that are mailed to New York, and policies covering risks located in New York. The term is flexible in that it includes "where the risk to be insured was located" regardless of the location of the recipient. *Id.* at 306. Here, however, the Policy was not mailed to New York, nor was the risk located in New York.

Moreover, when briefly addressing § 1213, the *Carlson* Court recognized the statute achieves its purpose by "providing that any transaction of business or solicitation" subjects the insurer to long arm jurisdiction. *Id.* at 309. Again, the Court discusses a foreign insurer affirmatively contacting New York. Passive contacts, however, are not contemplated.

There is certainly an argument that the Legislature's omission in subsection (c) was intentional. Indeed, "silence compels us to start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." *Russello v. United States*, 464 U.S. 16, 21 (1983). But in this Court's view, § 1213 was created to regulate foreign insurers who affirmatively reach into New York to do business. Subjecting insurers to the bonding provision of subsection (c) who may not be subject to the long arm provision of subsection (b) nor the attorney fee provision of subsection (d) is inconsistent with the overarching purpose of the law.

Adopting Plaintiff's reading of the statute would create a stream of commerce exception to § 1213, where any policy transferred into the state would subject insurers to hefty bonding requirements—even in cases where the insurer had no reason to believe the policy would wind up New York. If an insurer did not sell a policy in New York, was not securing risk located in New York, and had no expectation to defend a suit in New York, it should not be required to post an $8,000,000 bond in New York.

"In addition to statutory language itself, the specific context in which statutory language is used and the broader context of the statute as a whole assist the court in ascertaining the text's plain meaning." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 514 (2d Cir. 2022). The context here makes clear the bonding requirement is triggered only when the policy is issued or delivered in New York.

While the motion to post bond is denied, we will briefly address Allianz's remaining argument for the sake of completeness.

**III. Discretion**

Allianz argues due to its size, reputability, and financial stability, § 1213 should not apply. In support of this argument, Allianz cites *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, which reads "the purpose of this statute is to assure that a New York resident . . . is able to recover any judgment it obtains against an unauthorized insurer or reinsurer." 948 F. Supp. 285, 295 (S.D.N.Y. 1996). Allianz states it was "established in 1896, [and] is currently one of the largest life insurance companies in the country. There are no concerns about the company's solvency or its ability to satisfy any potential judgment in this case." *See* Def's. Mot. at 4, ECF No. 13. This argument is unavailing.

Subsection (c) has only two exceptions: "(1) when the superintendent certifies that the unauthorized insurer maintains within New York State sufficient funds to satisfy any final judgment, and (2) when the unauthorized insurer procures a license to do an insurance business in New York State." *T.P.K. Const. Corp. v. S. Am. Ins. Co.*, 739 F. Supp. 213, 215 (S.D.N.Y. 1990). Allianz provides this Court with neither.

The statutory language is notably broad, requiring "*any* unauthorized foreign or alien insurer" to post bond. N.Y. Ins. Law § 1213(c). The statute certainly does not contemplate immunity for legacy insurers. While Allianz urges this Court to carve out an exemption due to its assurance of solvency, there is no legal support for the request. Allianz's financial security beyond New York's borders does nothing to obviate compliance with pertinent state law.

Allianz further argues it is the parent company of Allianz Life Insurance Company of New York, which is licensed in New York and has sufficient funds to satisfy judgment here. But Allianz

Life Insurance Company of New York is not a party to this case and § 1213 says nothing of whether a parent company can take advantage of the exceptions to the bonding requirement based on the existence of an affiliated entity that might meet the requirements even if the actual Defendant insurance company does not. Since a parent company and subsidiary are distinct legal entities, it is not clear that a judgment against Allianz would even be collectable against the subsidiary, further eroding the weight of Allianz's argument.

This Court will not read beyond the plain language of the exceptions listed in the statute. In any event, the discussion is academic.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to post bond is DENIED.

**SO ORDERED.**

/s/

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 24, 2026